HILL (UNITED STATES v.). See Cases Nos. 15,364 and 15,365.

## Case No. 6,501.
### HILL v. WASHINGTON.
[5 Cranch, C. C. 114.] [1]
Circuit Court, District of Columbia. March Term, 1837.

SLAVES—MUNICIPAL REGULATIONS—RECORDS.

Under the power "to lay and collect taxes upon the real and personal property within the city," the corporation of Washington has a right to pass a by-law requiring every person bringing or sending any slave or slaves into the city, to hire or reside therein, to cause such slave or slaves to be recorded in the books of the corporation, and to deposit with the register an affidavit that such slave or slaves are bonâ fide his or her property.

Appeal from three judgments rendered by a justice of the peace against the appellant [Ann A. Hill] for the penalty of $20 in each case, for not causing three slaves to be recorded on the books of the corporation, which she had brought into the city to reside; and for not depositing with the register an affidavit that they were bona fide her property, within twenty days after bringing them in, contrary to the by-law of the 5th of April, 1823 (chapter 80, § 5).

Clement Cox and Mr. Dandridge contended that the corporation of Washington had no

1 [Reported by Hon. William Cranch, Chief Judge.]

power to make such a by-law, as their charter gives them no such express power, and as it is not necessary for the exercise of any power expressly given.

Mr. Bradley, contra. It is necessary that slaves should be registered in order to enable the corporation to execute the power to restrain the nightly meetings of free negroes and· slaves. It is necessary also in order to ascertain when slaves are here without being under the control of their masters. It is also necessary, in order to know (when a slave is fined) who the owner is who is to pay the fine. The corporation itself is to judge of the necessity of the means used to carry into effect its express powers. A tax is laid expressly upon the slaves of non-residents, higher than upon the slaves of residents. A register of the slaves of non-residents is necessary in order to make this discrimination.

In reply, it was ·said, that the powers of corporations are to be construed strictly. 2 Kyd, Corp. 167; 7 Cow. 606. That the corporation has no authority to discriminate between the slaves of residents and non-residents as to their taxation. That under the general law, the owners of slaves have a right to bring them here and the corporation has no right to prevent them, nor to burden them with extraordinary taxes.

Before CRANCH, Chief Judge, and THRUSTON and MORSELL, Circuit Judges.

CRANCH, Chief Judge. The power "to lay and collect taxes upon the real and personal property within the city," includes the power to use the means of ascertaining such property, and the owners thereof. Slaves might be brought into the city and hired out here for years before the officers of the corporation could know it. It is necessary, to the full enjoyment of the right of taxation, that some means should be used to ascertain the bringing in of that kind of property as soon as possible. The means adopted in the by-law is reasonable and proper, and therefore warranted by. the charter.

MORSELL, Circuit Judge, dissented.